11-4288-cv
Miller Automobile Corp. v. Jaguar Land Rover N.A., LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand twelve.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

MILLER AUTOMOBILE CORPORATION, d/b/a DARIEN AUTOMOTIVE GROUP,

> *Plaintiff-Appellant*,

> v.                                                      No. 11-4288-cv

JAGUAR LAND ROVER NORTH AMERICA, LLC,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JASON T. ALLEN (Robert C. Byerts, Bass Sox Mercer, and Peter M. Nolin, Sandak Hennessey & Greco LLP, *on the brief*) Bass Sox Mercer, Tallahassee, Fla. |
| For Defendant-Appellee: | CARL J. CHIAPPA (Nathaniel S. Boyer, *on the brief*), Hogan Lovells US LLP, New York, N.Y. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Burns, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Miller Automobile Corporation d/b/a Darien Automotive Group ("Darien") appeals from a September 19, 2011 judgment of the United States District Court for the District of Connecticut (Burns, *J.*), granting the motion of Defendant-Appellee Jaguar Land Rover North America, LLC ("JLRNA") to dismiss Darien's Second Amended Complaint (the "Complaint"), pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state claims for breach of contract, failure to negotiate in good faith, and breach of the implied covenant of good faith and fair dealing. On appeal, Darien contends that the District Court erred in concluding that Darien failed to allege a claim for breach of Article 4.4 of the Dealer Agreement; in determining that no cause of action for breach of contractual duty to negotiate in good faith exists under Connecticut law; and, finally, in concluding that Darien's claims for breach of the implied covenant of good faith and fair dealing should be dismissed because Darien failed adequately to allege that JLRNA acted in bad faith. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). In order to state a claim under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.

2

Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Darien contends, first, that the district court erred in dismissing its claim for breach of Article 4.4 of the Dealership Agreement because the Complaint adequately alleged that JLRNA breached Article 4.4 by failing to approve a relocation request that was allegedly "in the best interest of [Darien] and of Jaguar owners in the area in which [Darien] is located." Article 4.4 provides, however, that the question whether a relocation is in the best interest of Darien and the Jaguar owners in its area is committed to the exercise of JLRNA's "good faith business judgment." Article 4.4 provides, in relevant part, as follows:

> Dealer understands that in evaluating any proposed site [for relocation], the Company will consider various factors, including, but not limited to, the adequacy of the site for a dealership of the size contemplated, the convenience and accessibility of the site to existing and potential Jaguar owners and the type and quality of the residential buildings and commercial enterprises located in the geographic area adjacent to and surrounding the site . . . . The Company will approve the proposed relocation only if, based upon all the relevant factors, the Company *in the exercise of its good faith business judgment* considers the proposed relocation to be in the best interests of Dealer and of Jaguar owners in the area in which Darien is located.

(emphasis added).

Thus, by the terms of the Dealership Agreement, Darien was required to allege more than a mere failure by JLRNA to agree that Darien's relocation request was in the best interests of the relevant parties, but a failure, instead, to have done so "in the exercise of its good faith business judgment." Moreover, contrary to Darien's claim, JLRNA was permitted, in making such a judgment, to take into account "relevant factors," including, as the district court determined, whether the parties could successfully negotiate a new Performance Agreement under Article 4.3 of the

3

Dealer Agreement, pursuant to which Darien would undertake renovations and alterations to the facilities at the new location. Shorn of its conclusory assertions, the Complaint simply fails to allege facts sufficient to state a plausible claim that JLRNA did not exercise good faith business judgment in declining to permit the relocation.

Darien argues next that the district court erred in dismissing its claim that JLRNA breached Article 4.3 of the Dealership Agreement because, contrary to the district court's conclusion, claims for failure to negotiate in good faith are permitted under Connecticut law. We need not address this question, however, because we conclude that even assuming such claims are recognized in Connecticut, Darien has not sufficiently alleged that JLRNA breached Article 4.3 of the Dealership Agreement by "refus[ing] to engage [Darien] in any meaningful negotiation of the Performance Agreement and . . . mandat[ing] a one size fits all boilerplate agreement . . . ." Article 4.3 expressly provides that "Dealer agrees that its upgraded Dealership Facilities must meet the Company's Facilities/Personnel Guide for a dealership of the size contemplated and must be designed and decorated in a style consistent with that of other dealership facilities constructed or renovated in accordance with a Company-approved Upgrade Program." The provision requires the parties to negotiate a suitable Performance Agreement and, in so doing, to give "due consideration" to the economic consequences of an upgrade on Darien. Even drawing all permissible inferences in Darien's favor, the Complaint here alleges no more than the parties' failure to agree on terms for renovations at the proposed new location for Darien's franchise. This is simply not enough to allege a breach of Article 4.3.

As for Darien's claims for breach of the implied covenant of good faith and fair dealing, we agree with the district court that Darien has failed to allege bad faith on the part of JLRNA. Darien

4

essentially alleges that JLRNA acted in bad faith in assessing Darien's relocation request because it demanded that JLRNA "perform unreasonable facility upgrades" as a condition of approving the relocation. While Darien asserts that JLRNA acted unreasonably in requiring those upgrades, Darien fails to allege "fraud, misrepresentation, or improper motive on the part of" JLRNA, as required to assert a claim for breach of the implied covenant of good faith and fair dealing under Connecticut law. *See Keller v. Beckenstein*, 979 A.2d 1055, 1064 (Conn. App. Ct. 2009). These claims too, then, were properly dismissed.

We have considered all of Darien's remaining arguments and found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5